**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Clifton Curtis Boozer, Appellant.

Appellate Case No. 2018-001542

———————

Appeal From Newberry County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-148
Submitted April 1, 2021 – Filed May 5, 2021

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Michael Douglas Ross, all of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:** Clifton Curtis Boozer appeals his conviction for murder and sentence of life imprisonment without the possibility of parole. Boozer argues the trial court abused its discretion in refusing his request to instruct the jury on the lesser-included offense of involuntary manslaughter.

Based on the evidence presented at trial, including undisputed evidence that Boozer strangled the victim by placing both of his hands around her neck and continued to strangle the victim for several minutes past the point she was rendered unconscious, we find the trial court did not abuse its discretion in denying Boozer's request for an involuntary manslaughter jury instruction. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Stanko*, 402 S.C. 252, 264, 741 S.E.2d 708, 714 (2013) ("[An appellate court] will not reverse a trial court's decision regarding a jury instruction absent an abuse of discretion."), *overruled on other grounds by State v. Burdette*, 427 S.C. 490, 832 S.E.2d 575 (2019); *State v. Crosby*, 355 S.C. 47, 51, 584 S.E.2d 110, 112 (2003) ("A trial court should refuse to charge a lesser-included offense only where there is no evidence the defendant committed the lesser rather than the greater offense."); *Sullivan v. State*, 407 S.C. 241, 244, 754 S.E.2d 885, 887 (Ct. App. 2014) (providing the first definition of involuntary manslaughter is "the unintentional killing of another . . . while engaged in . . . an unlawful activity *not naturally tending to cause death or great bodily harm*" (emphasis added)); *State v. Chatman*, 336 S.C. 149, 153, 519 S.E.2d 100, 101-02 (1999) (implying the act of placing both hands around a victim's neck is "the kind [of action] which would naturally tend to cause serious bodily injury or death"); *Sullivan*, 407 S.C. at 244, 754 S.E.2d at 887 (providing the second definition of involuntary manslaughter is "the unintentional killing of another . . . while engaged in . . . *a lawful activity* with reckless disregard for the safety of others" (emphasis added)); *State v. Sams*, 410 S.C. 303, 314-16, 764 S.E.2d 511, 517-18 (2014) (finding the defendant was not legally justified in killing the victim because he used excessive force to defend himself); *id.* at 316, 764 S.E.2d at 518 ("[T]he use of excessive force renders the action unlawful and the action cannot be deemed to be a lawful act done in an unlawful manner as required by the involuntary manslaughter statute.").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.